UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

Aaron and Nichole Baird,

    Debtor.

Chapter 13 Proceedings
Case No. 14-32042-MDM

---

Aaron and Nichole Baird,
    Plaintiffs,

v.

Advanced Institute of Hair Design,
    Defendant.

Adversary Proceedings
Case No. _____

---

COMPLAINT TO RECOVER PREFERENTIAL TRANSFERS
IN ACCORDANCE WITH 11 U.S.C. §547(b)

---

The above-captioned plaintiffs, by their attorneys, Todd C. Esser & Associates, by Todd C. Esser, does hereby file a complaint to recover preferential transfers from the above-named defendant in accordance with 11 U.S.C. §547(b) and in support hereof respectfully states as follows:

1.    The plaintiffs are the debtors in the above-captioned Chapter 13 case which was commenced by the filing of a petition for relief under Chapter 13 of the United States Bankruptcy Code on September 26, 2014.

2.    This case is an Adversary Proceeding within the meaning of Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction to consider this Adversary Proceeding under the provisions of 28 U.S.C. §1334(b) in that this case is a civil proceeding arising under the above-captioned bankruptcy case under Title 11 of the United States Code; this

Todd C. Esser & Associates
11805 West Hampton Avenue
Milwaukee, WI 53225
Phone (414) 461-7000
Facsimile (414) 461-8860

Adversary Proceeding is properly before this Court under the general order of reference entered in this district.

3. The claims involved in this case include proceedings to determine, avoid, or recover preferences as well as proceedings to turnover property of the estate and therefore this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E) and (F).

4. Venue is proper in this jurisdiction under 28 U.S.C. §1409(a).

5. Defendant is a creditor of the debtors.

6. During the 90 day period immediately proceeding the petition date, the defendant garnished the debtor's wages in the amount of $1,387.15 (collectively, the "Payments"). See Exhibit A attached.

7. The Payments were transfers of an interest of the debtors in property to or for the benefit of defendant.

8. The Payments were for or on account of an antecedent debt owed by the debtors to defendant before such transfers were made.

9. The Payments were made to defendant while the debtors were insolvent.

10. The Payments were made to defendant on or within 90 days before the Petition date.

11. The Payments enabled defendant to receive more than defendant would have received if a) the case were a case under Chapter 7 of the Bankruptcy Code, b) the transfers had not been made, and (c) defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

12. The plaintiffs have made demand upon defendant for return of the Payments, but defendant has not complied with such demand.

13. The alleged transfers were fully disclosed to the Chapter 13 Trustee and the Trustee has indicated she does not intend to pursue recovery of the alleged transfers.

14. The debtors could have exempted said property under §522(b) if such property had not been transferred and garnishment of debtor's wages was not a voluntary transfer by the debtors and the debtors did not conceal such property

15. Said transfers are avoidable by plaintiff under the provisions of 11 U.S.C. §§547(b), 522(g) and (h).

WHEREFORE, the plaintiff hereby seeks entry of a judgment against defendants, as follows:

    a. Requiring the immediate return of $1,387.15 in accordance with 11 U.S.C. §547(b);

    b. Requiring payment of any and all attorney fees and expenses and any costs;

    c. Granting such other and further relief as this Court may deem just and necessary under the circumstances.

Dated this 6th day of February 2015.

TODD C. ESSER & ASSOCIATES
Attorneys for Debtors/Plaintiffs

By: _____
Todd C. Esser
State Bar No. 01016780

# Summit Filtration Technology
## Payroll Item QuickReport
### All Transactions

| Type | Date | Num | Source Name | Amount |
|---|---|---|---|---|
| **Wage Garnishment {4}** | | | | |
| Paycheck | 06/02/14 | ACH | Aaron R. Baird | 277.43 |
| Paycheck | 06/16/14 | ACH | Aaron R. Baird | 277.43 |
| Paycheck | 06/30/14 | ACH | Aaron R. Baird | 277.43 |
| Liability Check | 07/01/14 | 6983 | Michelle R. Bonness M... | -832.29 |
| Paycheck | 07/14/14 | ACH | Aaron R. Baird | 277.43 |
| Paycheck | 07/28/14 | ACH | Aaron R. Baird | 277.43 |
| Liability Check | 08/07/14 | 6988 | Michelle R. Bonness M... | -554.86 |
| Paycheck | 08/11/14 | ACH | Aaron R. Baird | 277.43 |
| Paycheck | 08/25/14 | ACH | Aaron R. Baird | 277.43 |
| Liability Check | 09/04/14 | 6994 | Michelle R. Bonness M... | -554.86 |

**EXHIBIT A**